IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 8:18-484-DCC |
| | ) |
| vs. | ) |
| | ) **PLEA AGREEMENT** |
| | ) |
| ANTHONY DANTE HOLLOWAY | ) |

### General Provisions

This PLEA AGREEMENT is made this __19__ day of __October__, 2018, between the United States of America, as represented by United States Attorney SHERRI A. LYDON, Assistant United States Attorney Leesa Washington and the Defendant, ANTHONY DANTE HOLLOWAY, represented by Erica M. Soderdahl, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1, 2 and 3 of the Superseding Indictment which charges felon in possession of a firearm, in violation of the Title 18 U.S.C. Section 924(g); possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21 U.S.C. Sections 841(a)(1), 841(b)(1)(C); and possession of a firearm in connection with a drug trafficking offense, in violation of the Title 18 U.S.C. Section 924(c). In order to sustain its burden of proof as to **Count 1**, the Government is required to prove the following:

   (1) The defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

   (2) The defendant knowingly possessed, transported, shipped, or received, the firearm or ammunition; and

   (3) The possession was in or affecting commerce, because the firearm or ammunition had traveled in interstate commerce at some point during its existence.

PENALTY:

Maximum: 10 years
Supervised release: at least 3 years
Fine: $250,000
Special Assessment: $100.00

If three (3) or more qualifying predicate convictions:

PENALTY:
Mandatory min: 15 years
Maximum: life
Supervised release: at least 5 years
Fine: $250,000
Special Assessment: $100.00

In order to sustain its burden of proof as to **Count 2**, the Government is required to prove the following:

(1) The defendant knowingly and intentionally possessed the controlled substance described in the indictment;

(2) At the time of such possession, the defendant knew that the substance was a controlled substance;

(3) The defendant possessed the controlled substance with the intent to distribute.

PENALTY:
Maximum: 30 years
Supervised release: at least 3 years
Fine: $1,000,000
Special Assessment: $100.00

In order to sustain its burden of proof as to **Count 3**, the Government is required to prove the following:

(1) The defendant committed a crime of violence or a drug trafficking crime that may be prosecuted in a court of the United States;

(2) During and in relation to the commission of the crime, the defendant knowingly used or carried or possessed a firearm in furtherance of such crime.

PENALTY:
Mandatory minimum: 5 years (consecutive)
Maximum: life
Supervised release: 5 years
Fine: $250,000
Special Assessment: $100.00

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

   a. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

   b. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court

considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

### Stipulations and Forfeiture

5.   The Defendant and the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

   a.   Pursuant to U.S.S.G. Section 3C1.1, the base offense level should be increased two (2) levels; and

   b.   The provisions of U.S.S.G. Section 3E1.1 do not apply to the Defendant's case.

The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his/her plea should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event that the Defendant complies

with ALL of the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

6.  The Defendant agrees to voluntarily abandon all right, title, interest and claim in the firearm(s) and ammunition seized from him during the investigation and prosecution of this case, including: a Jimenez model JA 9mm pistol serial number: 281399 and 9mm ammunition.

## Merger and Other Provisions

7.  The Attorneys for the Government agree not to pursue federal charges and to recommend that the Defendant not be prosecuted for any similar or related state crimes, stemming from his arrest on September 25, 2018, nor conduct related to his failure to appear for proceedings in connection with this case so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding on Greenwood City/County prosecuting and law enforcement officials. Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed by Greenwood City/County prosecuting and law enforcement officials. The Defendant understands that the Court may consider such conduct as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

8.  The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right

to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in own behalf, or to remain silent and have no adverse inferences drawn from silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255, or future changes in the law that affect the defendant's sentence.) This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the

parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

10-19-2018
DATE

Anthony Holloway
ANTHONY DANTE HOLLOWAY,
Defendant

10-19-2018
DATE

ERICA M. SODERDAHL, Esquire
Attorney for the Defendant

SHERRI A. LYDON
UNITED STATES ATTORNEY

10/19/18
DATE

BY: LEESA WASHINGTON (#6973)
Assistant United States Attorney
55 Beattie Place Suite 700
Greenville, SC 29601
Tel. (864) 282-2100

ATTORNEYS FOR THE GOVERNMENT