IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 8:18CR484 |
| | ) | |
| vs. | ) | MOTION FOR A |
| | ) | DOWNWARD DEPARTURE |
| ANTHONY DANTE HOLLOWAY | ) | OR VARIANCE |
| | ) | |

      Now comes the Defendant, Anthony Dante Holloway, (Holloway), by and through his attorney, and respectfully asks this Court to impose a sentence below the recommended guidelines range of 111 to 123 months' imprisonment.

      Holloway has filed one objection to the Presentence Investigation Report (PSR) regarding the classification of his prior conviction under South Carolina Code Section 44-53-370 as a "Controlled Substance Offense" and the enhancement of his base offense level under the United States Sentencing Commission Guidelines Manual (USSG) §2K2.1, and has filed a Sentencing Memorandum in support of that objection. If the objection is overruled, his guidelines total offense level on counts one and two is 22 and his guidelines criminal history category is III, resulting in a recommended combined guideline imprisonment range of 111 to 123 months for all three counts of this indictment. PSR ¶81. If the objection is sustained, Holloway's total offense level on counts one and two would be 16, and his recommended combined guideline range would be 87 to 93 months on the three counts of this indictment. Holloway contends that the provisions of USSG § 4A1.3(b)(1)

1

(Departures Based on Inadequacy of Criminal History Category), USSG § 5K2.0 (Mitigating Circumstances), and 18 U.S.C. §3553(a), as applied to the circumstances of this case and his personal history and characteristics justify this court in sentencing him below the applicable guideline range.

The nature and circumstances of the offense should be considered in determining an appropriate sentence, pursuant to 18 U.S.C. §3553(a)(1). In this case, Holloway was a passenger in a car driven by his cousin. Police initiated a traffic stop of the vehicle because they saw Holloway in the car and knew that a warrant was outstanding for his arrest. *See* PSR ¶15. No traffic violations were observed, and no violence or threatening behavior was alleged. After Holloway was arrested on the warrant, he told police that the drugs recovered from the driver's pocket and the gun recovered from the glove box belonged to him, taking full responsibility for the contraband. *See* PSR ¶20. Holloway made no attempt to resist the officers and was cooperative at the time of his arrest.

Holloway's history and characteristics should be considered in determining an appropriate sentence, pursuant to 18 U.S.C. §3553(a)(1). Holloway was born and raised in Greenwood, South Carolina, and has lived there his entire life. PSR ¶¶65-67. In 2010, Holloway suffered a gunshot wound, which had a significant impact on Holloway's life in two important ways: (1) it eroded his sense of security and placed him in fear for his life, and (2) it began a now-eight-year addiction to opioid pain medication. At the time of his arrest in this case, Holloway told arresting officers that he carries a firearm because he doesn't want to get killed in the streets; he

keeps it with him for self-defense purposes. *See* PSR ¶20. Although Holloway understands that his desire to keep a firearm with him for general self-defense does not justify his possession of a firearm as a convicted felon, he provides this explanation for his behavior.

As for Holloway's addiction to opioid medication, he started using these medications when he received a prescription after he was shot. He quickly became addicted, and has been a daily user of these pills for eight years. Holloway is also a frequent user of marijuana, alcohol, and ecstasy, and finds himself needing these substances to carry on in his daily life. *See* PSR ¶71. For Holloway, the use of these drugs is no longer a choice; his mind and his body now depend on the continued ingestion of these substances to get through each day. This addiction to controlled substances, and the associated impairment caused by frequent and prolonged use of these type of drugs, has adversely affected Holloway's ability to make good decisions for himself and played a large role in his involvement in the instant offense.

Holloway is extremely remorseful and regrets that he allowed himself to become a hostage to his drug addiction. Holloway intends to engage in drug treatment and counseling while serving his sentence in the Bureau of Prisons (BOP), and he hopes that a term of sobriety while incarcerated will set the stage for recovery and a sober life when he is released.

Holloway has strong family ties and his close-knit family members all live in close proximity to one another. Additionally, Holloway is now engaged to a woman who has three young children; Holloway has a good relationship with these children

and wants to be a good role model for them upon his release from BOP, which is a strong incentive for him to stay sober and avoid anti-social peers and behaviors after his release from custody. Holloway's mother, stepfather, siblings, and fiancé will be a strong support system for Holloway when he is released from the BOP.

Although Holloway has prior felony convictions, his criminal history is non-violent and consists of drug, traffic, and firearm possession charges – the types of offenses commonly associated with drug users. Holloway has never been to prison before; his longest continuous term of incarceration to date was a term of 144 days served in pretrial detention at the county jail in Greenwood County in 2007, when he was 18 years old. The prior conviction that has resulted in a 4-level increase in Holloway's base offense level and a 24- to 30-month increase in his guidelines sentencing range was for an offense that carried a maximum possible penalty of five years' imprisonment, and for which Holloway was initially sentenced to a term of probation.

Some of the purposes of sentencing are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. §3553(a)(2). Holloway accepts responsibility for his conduct and understands and acknowledges the seriousness of his conduct in this case. He admits that what he did was wrong, and he has respect for the law and the prosecution of this charge. The seriousness of the offenses of which he has been charged and convicted in federal court, including the

4

five-year mandatory minimum penalty he now faces for count three of this indictment, have certainly shown Holloway the error of his ways and the urgent need to address the problem of his drug addiction, have promoted respect for the law, and will well serve the goals of deterrence and protecting the public. Holloway assures this court that he has learned his lesson and will not engage in this type of conduct ever again.

Holloway has definite, positive plans for the future, with the goal of serving his BOP sentence wisely by taking advantage of educational and vocational training opportunities in addition to the drug treatment program mentioned above. Holloway dropped out of high school after completing the ninth grade, and plans to work diligently to obtain his General Equivalency Diploma (GED) while serving his sentence in this case. Additionally, Holloway hopes to have the opportunity to participate in the vocational training programs at the BOP, as he is interested in learning a trade that would make him more employable upon his release. Holloway understands that he is at a turning point in his life, and these federal charges have had a significant impact on his awareness of his situation, his desire to improve himself, and his motivation to work toward making positive changes in his life.

While this court is obliged to consider the sentencing guidelines range, it is not required to impose a sentence within that range. The court must impose a "reasonable sentence" that takes into consideration the sentencing guidelines as well as the factors set forth in 18 U.S.C. §3553(a). In the event the court is not inclined to grant a departure from the guidelines range for the reasons set forth

above, Holloway requests the court to vary from the guidelines range based on the factors found in §3553(a) for the same reasons.

WHEREFORE for the reasons stated above and as may be further supplemented orally at his sentencing hearing, Holloway respectfully submits that the provisions of USSG § 4A1.3(b)(1) (Departures Based on Inadequacy of Criminal History Category), USSG §5K2.0 (Mitigating Circumstances), and 18 U.S.C. §3553(a), as applied to the circumstances of this case and his personal history and characteristics justify this court in sentencing him below the recommended sentencing guideline range.

                Respectfully submitted,
                FEDERAL PUBLIC DEFENDER
                Attorney for the Defendant

                *s/ Erica Soderdahl*
                Erica Soderdahl (Fed. Bar # 12606)
                Assistant Federal Public Defender
                75 Beattie Place, Suite 950
                Greenville, South Carolina 29601
                (864) 235-8714
                erica_soderdahl@fd.org

February 18, 2019
Greenville, South Carolina